IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-128-WKW-SRW |
| ) | |
| CHICK-FIL-A RSA REGIONS TOWER, ) | |
| and CHICK-FIL-A, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER and RECOMMENDATION

Plaintiff, Peter J. Smith, proceeding *pro se*, initiated this lawsuit on February 15, 2019, by the filing of a civil rights complaint against defendants "Chick-Fil-A RSA Regions Tower" and "Chick-Fil-A, Inc." for failing to serve him the food that he paid for. Doc. 1. Plaintiff filed a motion to proceed *in forma* pauperis. Docs. 2, 2-1. Pursuant to 28 U.S.C. § 1915,

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court granted Plaintiff *in forma pauperis* status and directed that he file an amended complaint. Doc. 10. The court instructed,

> The amended complaint shall comply with the Federal Rules of Civil Procedure and shall (i) clearly state which causes of action Plaintiff intends to state against Defendants, and (ii) for each cause of action alleged, set forth all of the material facts giving rise to the cause of action clearly and concisely, without omitting any of the necessary facts as discussed in this

1

order. The amended complaint may not incorporate the allegations of Plaintiff's original complaint, or any other document, by reference; in other words, the amended complaint must stand on its own.

*Id*. at 4–5. After an extension of time was granted to him (Doc. 13), Plaintiff filed an amended complaint on November 8, 2019. Doc. 14. Upon review of the one-page amended complaint, the court finds that Plaintiff's amended complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In relevant part, § 1915(e) provides, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

Although the court construes *pro se* pleadings liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), *pro se* litigants must nonetheless follow the procedural rules, and the court will not be required to rewrite a deficient pleading. *See GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Jones v. Brown*, 649 F. App'x 889, 890 (11th Cir. 2016) (citing *Mitchell*, *supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6)."). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Pro se*

pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. [*Iqbal*, 556 U.S. at 678].

*Id.* Additionally, Federal Rule of Civil Procedure 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, even if liberally construed, Plaintiff's amended complaint (Doc. 14), must minimally satisfy Rule 8 to survive review under § 1915(e). This court has reviewed Plaintiff's amended complaint (Doc. 14) in light of the foregoing principles.

In his amended complaint, Plaintiff states the following facts: (1) that his "food stamps increased to $194 per month;" (2) "Title II violation"; and (3) "Violation of Civil Rights Act of 1964 as it pertains to Race and Gender. I am a Black American Male. The Chick-Fil-A manager is a white female." Doc. 14. Plaintiff claims "compensatory and punitive damages in the amount of $2 million and for a pattern of discrimination carried out by Chick-Fil-A against me please see prior Chick-Fil-A case." *Id*. Plaintiff also attempts to incorporate the allegations set forth in his original complaint (Doc. 1) "such as wire fraud, etc." Doc. 14.

An amended complaint entirely supersedes all prior complaints. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal Rules

3

of Civil Procedure an amended complaint supersedes the original complaint). Once a complaint is amended, the only issues before the court are those raised in the amended document, and the plaintiff may not rely upon or incorporate by reference his prior pleadings. Accordingly, the court finds that the cursory allegation of "wire fraud, etc." fails to state a claim on which relief may be granted and is due to be dismissed. *Mitchell*, 112 F.3d at 1490; *see* 18 U.S.C. § 1343.

That leaves Plaintiff's Title II claim. Title II of the Civil Rights Act of 1964 prohibits discrimination on the grounds of race, color, religion, or national origin in places of public accommodation. *See* 42 U.S.C. § 2000a(a). The chief purpose of this title is "to [re]move the daily affront and humiliation involved in discriminatory denials of access to facilities ostensibly open to the general public." *Daniel v. Paul*, 395 U.S. 298, 307–308 (1969) (quoting H.R. Rep. No. 914, 88th Cong., 1st Sess., 18) (quotation marks omitted). To state a cause of action under this statute, Plaintiff "must allege that (1) the restaurant affects commerce, (2) the restaurant is a public accommodation, and (3) the restaurateur denied plaintiff full and equal enjoyment of the restaurant." *Bobbitt by Bobbitt v. Rage, Inc.*, 19 F. Supp. 2d 512, 521 (W.D.N.C. 1988) (citing 42 U.S.C. § 2000a; *Wooten v. Moore*, 400 F.2d 239, 241 (4th Cir. 1968); *United States v. DeRosier*, 473 F.2d 749 (5th Cir. 1973)). The court notes that Plaintiff's remedy, if any, would be limited to injunctive relief only, not the $2,000,000 damages that he seeks. *See* 42 U.S.C. § 2000a-3(a).

Plaintiff's allegations of race and gender discrimination are brief, vague, and conclusory, and they fail to allege facts sufficient to support a plausible claim for relief as required by *Iqbal*. *See Iqbal*, 556 U.S. at 678. The statement, "I am a Black American

Male [and] the Chick-Fil-A manager is a white female" (Doc. 14), offered without any supporting factual detail, is insufficient to allege unlawful discrimination, and fails to pass muster under Federal Rule of Civil Procedure 8. Although the amended complaint makes a general reference to race and gender, Plaintiff does not allege specifically that he was not given his food order, denied service, other otherwise discriminated against on the basis of his race or gender. Plaintiff's amended complaint, even liberally construed, does not state any claim upon which relief could be granted.  *Mitchell*, 112 F.3d at 1490.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B) and that Plaintiff's Motion to Amend the Complaint (Doc. 15) be DENIED AS MOOT.

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before December 9, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *See Stein v. Lanning*

*Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE, on this the 25th day of November, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge
